UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

In re:

William Reed Hayward
Lulus Wang Hayward

Debtors.

Case No. 19-10286-tmd
Opening Date: 03/05/2019
Closing Date: 06/17/2019
Chapter [7]

William Reed Hayward

Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION (DOE/ED)
Great Lakes (DOE/ED Student Loan Servicer)
Assistant United States Attorney (DOJ/AUSA)

Defendant[s].

Adv. Proc. No. 23-1004 D

FILED 2023 JAN 23 AM 11:09 CLERK U.S. BANKRUPTCY COURT BY DEPUTY

## Adversary Proceeding

Adversary Complaint to Determine the Dischargeability of Student Loan Debt for Undue Hardship Under 11 USC § 523(a)(8), Rule 7001(9), and its civil analog, 28 USC § 2201.

### I. The NAME and ADDRESS

The Plaintiff's name and address is William Reed Hayward Pro Se, 609 Oak Meadows, San Marcos, Texas 78666-8358

with Email address being lulusostrich@grandecom.net

Defendant's name and address is U.S. Department of Education (DOE); 400 Maryland Avenue, SW; Washington, D.C. 20202.

Defendant's Student Loan Servicer's name and address is U.S. Department of Department Education (DOE); Grate Lakes (Student Loan Servicer);

PO BOX 7860; MADISON, WI 53707-7860

Defendant's Depart of Justus (DOJ/AUSA) local name and address U.S. Attorneys Office; 903 San Jacinto Blvd.; Suite 334; Austin, TX 78701

Defendants DOE and DOJ are required to work together to decide the Plaintiff's conditions for a undue hardship discharge of his student loan per DOJ/DOE Guidance issued 17 November 2022, (see Exhibit H).

## II. JURISDICTIONAL PLEA

The Pro se Plaintiff requests an Adversary Proceeding in above case to discharge his past-consolidated student loans totaling **$480,176.47** plus monthly interest. The loans are held by Defendants' with Certificate of Service/Exhibits listed in Exhibit E/F. Under Section 11 U.S.C. § 523(a)(8) the court has the power to discharge student loans for undue hardship per United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 278 (2010) ("the bankruptcy court must make an independent determination of an "undue hardship".

## III. The ALLEGATIONS

The Pro se Plaintiff should have all his DOE student loans discharged by this Bankruptcy court to Undue Hardship per DOJ/DOE guidance (see Exhibit H) because he meets all the requirement set forth in the Total of Circumstances and Brunner Tests for undue hardship of student loans. The Tests support undue hardship discharge of all his DOE Student Loans totaling a sum of **$480,176.47** plus monthly interest.

### III (A) Supporting History

The past Courts have recognized the IRS Standards as useful objective criteria in assessing "undue hardship" under Section 523(a)(8). See, e.g., In re O'Hearn, 339 F.3d 559, 565 (7th Cir. 2003); In re Cota, 298 B.R. 408, 415 (Bankr. D. Ariz. 2003). The 2022 IRS Standards criteria is listed in Exhibit B.

US President Biden Administration has directed the Defendants to access/assist the bankruptcy courts in discharging past student loans for undue hardship supported by DOJ assessment form (see Exhibit A), which is required in both Brunner Test and Totality Test jurisdictions. See In re Thomas, 931 F.3d 449, 452 (5th Cir. 2019); In re Long, 322 F.3d at 554. If the debtor's financial circumstances changed since filing the initial bankruptcy petition, the DOJ/AUSA attorney can look to the debtor's actual financial circumstances when making an undue hardship assement. Cf. In re Walker 650 F.3d 1227, 1232 (8th Cir. 2011).

Therefore, the Pro Se Plaintiff is asking this court to in the above case number to evaluate the Plaintiff's past Student Loans for undue hardship discharge supported by DOJ/DOE Attestation Form (see Exhibit A) and IRS income Standards (see Exhibit B). The Plaintiff's Complaint is supported by DOE/DOJ Guidance directive dated 11/17/2022 (see Exhibit H).

## III (B) Summary of IRS/DOE Attestation Form

### 1. The Objectives of the Guidance Role for DOJ/DOE in Supporting Discharge Cases (see Exhibit H)

In cases where a debtor seeks the discharge of a student loan in bankruptcy, the DOJ/DOE shares with Education the responsibility to represent the interests of the United States in accord with existing law and in the interests of justice. This responsibility includes recommending that a bankruptcy court grant full or partial discharge of student loan debts in appropriate cases. To fulfill that responsibility, DOJ attorneys should stipulate to facts necessary to demonstrate undue hardship and recommend discharge

where the debtor provides information in the Attestation (or otherwise during the adversary proceeding) that satisfies the elements of the analysis below.

Some past debtors have been deterred from seeking a discharge of Student Loans in bankruptcy proceeding. This is due to the historically low probability of success and due to the mistaken belief that student loans are ineligible for discharge. Other student loan borrowers have been dissuaded from seeking relief due to the cost and intrusiveness entailed in pursuing an adversary proceeding.

This Guidance is intended to redress these concerns so that discharges are sought and received when warranted by the facts and law. In addition, Department attorneys are expected to consult proactively with Education to evaluate the specific circumstances of each case.

In collaborating in the preparation of this Guidance, the Department and Education have sought to promote three goals in particular:

1. To set clear, transparent, and consistent expectations for discharge that debtors understand regardless of representation;

2. To reduce debtors' burdens in pursuing an adversary proceeding by simplifying the fact gathering process.

This includes use of an Attestation (see Exhibits A, B, and I), and where feasible, information provided through prior submissions to the bankruptcy court and available student loan servicing records;

3. Where the facts support it, to increase the number of cases where the government stipulates to the facts demonstrating a debt would impose an **undue**

**hardship** and DOJ/DOE recommends to the court that a debtor's student loans be discharged.

Education is committed to supporting Department attorneys handling these cases. Department attorneys should expect that, for each adversary proceeding, Education will provide to the Department attorney a record of the debtor's account history, loan details, and—where available—educational history, which the Department attorney will share with the debtor. This information will be provided with the Education litigation report.

The Department attorney is expected to consult with Education in each case; consultation includes sharing the completed Attestation (see Exhibit A) and conferring on an appropriate course of action. In its initial litigation report, Education will advise on matters including whether it has data relating to the presumptions in this Guidance regarding assessment of future circumstances and whether it considers the debtor made good faith efforts to repay their student loans. This process will ensure the final decision is informed by Education's experience administering student loans and its role as creditor.

Once the Department attorney reaches a recommendation in accordance with this Guidance, the Department attorney shall submit their recommendation or approval, as appropriate, along with Education's recommendation, under the standard procedures applicable in that attorney's component.

Note: Attached are Plintiff's DOJ/DOE filled in Attestation Form Exhibit A with IRS income Standards Exhibit B to access discharge of Student Loans per above Guidance by DOJ/DOE.

The following (Case 20-05001 Doc 56 Filed 09/01/21 Entered 09/01/21 14:54:25 Desc Main filed in UNITED STATES BANKRUPTCY COURT; FOR THE WESTERN DISTRICT. The case Bell v DOE 09/01/2021(see Exhibit G) and the DOE/DOJ above Guidance dated 11/17/2022 (Exhibit H) support's Plaintiff's request to have his student loans discharged due to undue hardship per Section 11 U.S.C. § 523(a)(8).

## 2. Applicable Law

Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278 (2010) ("the bankruptcy court must make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding."). This inquiry is undertaken through a formal adversary proceeding in the bankruptcy court. *United Student Aid Funds*, 559 U.S. at 263-64; Fed. R. Bankr. P. 7001(6). The parties in that proceeding may stipulate to the existence of certain facts and recommend that the bankruptcy court find, based on such facts, that repayment of the student loan would cause the debtor an undue hardship. (Exhibit H 1st PP, Page 3)

## 3. Brunner Test

The most common framework for assessing undue hardship is the so-called *Brunner* test, emanating from *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the *Brunner* test, a bankruptcy court must find that the debtor has established and meet three tests. Plaintiff must meet the following tests: (1) the debtor cannot presently maintain a minimal standard

of living if required to repay the student loan. He must show (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period. He must show that (3) the debtor has made good faith efforts in the past to repay the student loan. *Id.* at 396. (Exhibit H 2nd pp page 3)

### 4. Totality of Circumstances Test

Other courts have employed a "totality of circumstances" test (Totality Test) to determine whether repayment of student loan debt would cause an undue hardship. *See, e.g., In re Long*, 322 F.3d 549, 553 (8th Cir. 2003). The Totality Test looks to: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and their dependents' reasonably necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id.* (Exhibit H 3rd pp page 3)

This Guidance applies in both *Brunner* and Totality Test jurisdictions. Courts have recognized the *Brunner* and Totality Tests "consider similar information—the debtor's current and prospective financial situation in relation to the educational debt and the debtor's efforts at repayment." *In re Polleys*, 356 F.3d 1302, 1309 (10th Cir. 2004); *see also In re Jesperson*, 571. Both tests require assessment of the debtor's income and reasonable expenses to determine whether the debtor has the present and future ability to maintain a "minimal standard of living" while making student loan payments. *See, e.g., In re Hurst*, 553 B.R. 133, 137 (B.A.P. 8th Cir. 2017) ("[I]f the debtor's reasonable financial resources will sufficiently cover payment of the student loan debt—while still allowing for a minimal standard of living—then the debt should not be discharged.") (citing *In re Jesperson*, 571 F.3d at 779). Finally, both tests direct the court to review the

debtor's past efforts at repayment. *In re Polleys*, 356 F.3d at 1309; *see also In re Bronsdon,* 435 B.R. 791, 797 (B.A.P. 1st Cir. 2010).

### III (C) Totality of Circumstances and Brunner Test Applied

### 1. Totality of Circumstances Test for Undue Hardship

**(1a) The Plaintiff's Past, Present, and Reasonably Reliable Future Financial Resources** (see Exhibit A)

**Note:** In January 2023 cost of living increase is expected rise by 9% due to inflation therefore, everything is based on 2022 income, prices, and cost since IRS and Government incomes have not be adjusted for 2023.

Assessment (see Exhibit A) and IRS Minimal Standard of Living (see Exhibit B) show the Plaintiff's income is below IRS Minimal Standard of Living. Plaintiff owes a consolidated student loan total of **$480,176.47** plus monthly interest with a present IDR set at $0/Month held by Great Lakes DOE loan service (see Exhibit I). Should he begin paying back the Student loans his payment would be set about $3,399.00/Month without an IDR assent. His **total income is $1941.00/month**, which is from SS, VA payments and Wife's SS ($529.00/month).

**(1b) A Calculation of the Plaintiff's and his Dependents' Reasonably Necessary Living Expenses per IRS Standards:** (see Exhibits A and B)

Note: In January 2023 cost of living increase is expected rise by 9% due to inflation therefore, everything is based on 2022 income, prices, and cost since IRS and Government incomes have not be adjusted for 2023.

Guidance relies upon the Internal Revenue Service Collection Financial Standards (the IRS Standards) to assess whether a debtor can presently maintain a "minimal standard of living" if required to repay student loan debt (see Exhibit B).

Plaintiff's allowable expenses exceed their gross income, this element of the analysis is satisfied. **Therefore the Plaintiff has Undue Hardship**. If the debtor's financial circumstances changed since filing the initial bankruptcy petition, the Department attorney can look to the debtor's actual financial circumstances when making an undue hardship determination. *Cf. In re Walker* 650 F.3d 1227, 1232 (8th Cir. 2011). (see Exhibit A, 3rd pp page 5)

Plaintiff's Monthly Living Expenses for two people and being over the age of 65, **$1563.00** Per Exhibit A. Monthly Housing Costs are **$1425.00** Per Exhibit A. **Total allowable expenses are $2988.00**

**Monthly IRS Two People allowable Expenses for 2022** (see Exhibit B)

**Using Hays County Texas Housing Allowable Expenses** (Exhibit B)

**Total allowable expenses $2,253.00** - total income is **$1941.00/Mo** = ($311) this is under minimum Income, **allowable Income,** which exceeds gross income and expenses exceed gross income, **therefore there is undue hardship**.

### Using IRS Exhibit B

Living Expenses are $1,410.00

Health Care over 65 Yrs old are $ 306.00

2-Car Ownership are $1,176.00

2-Southern Car Operating $ 640.00

Total Allowable Expenses are **$3,532.00** – **$1942.00** Gross Income = (-$1,590), which is also under minimum Income, his expenses exceed their gross income, **therefore undue hardship.**

**Using total expenses v IRS allowed expenses** (see Exhibit A)

IRS table of $3,532.00 - **$2988.00** = ($544.00) under allowable income and allowable expenses, which exceed their gross income, **therefore undue hardship.**

## CURRENT ASSETS

Defendants own the following parcels of real estate, which is his homestead home and land: at Address: 609 Oak Meadows, San Marcos, TX 78666-8358

Owners are William Reed Hayward and Lulu Wang Hayward

Market Value at: **$84,000.00** with no morgue owed.

**Defendants Own the Following Two Motor Vehicles:**

**Vehicle 1:** Make and model: Hyundai Hybrid Ionic Blue

Fair market value: **$15,000.00**

Total balance of Vehicle loans and other liens: **$15,853.80**

**Vehicle 2:** Make and model: High Mileage Honda Civic Hybrid

Fair market value: **$350.00**

Total balance of Vehicle loans and other liens: **$0.00**

**Name of LLC Business Income Information**

| Name of entity | State incorporated | Type9 | %age Interest | Income |
|---|---|---|---|---|
| Lulus Ostrich Ranch LLC | Texas | | 100% | $0.00 |
| S2S Gen Trad & Cont Co. LLC | Texas | | 100% | $0.00 |
| William Hayward For Congress | Texas | | 100% | $0.00 |

Total Assets worth are **$84,350.00** without any leans. The Plaintiff owes **$480,176.47** in Student Loans, therefore "**undue hardship**" is met.

## (1c) Any Other Relevant Facts and Circumstances Surrounding Plaintiff's Bankruptcy Case:

The Plaintiff owed the Federal Government owed over $1,000,000.00 in removed Scrap Material that his Turkish partners never prayed for removing Scrap from Afghanistan. This cased the Plaintiff to file for Bankruptcy in 2019, which discharged all his debts except his Student Loans. In February 2021 there was a very hard Freeze that destroyed all of Plaintiff's 20 year old Palm Trees, which was about 20 trees were lost. Lost trees were replaced with Windmill Palm seedlings, Cheery; peach trees that were affected by a server drought in summer of 2022, which required large water bill, and more replacement trees. These two disasters also have brought higher expanses.

## 2. Three Prong Brunner Test Applied

In applying the The Brunner Test the Plaintiff will use the DOJ attachment (see Exhibit A), DOJ Guidance (see Exhibit H), and Bell v DOE 09/01/2021 VA court case (see Exhibit G).

### (2a) the Plaintiff Cannot Presently Maintain a Minimal Standard of Living if Required to Repay the Student Loan

The Plaintiff's, who is over the age of 65 with consolidated student loans totaling (**$480,176.47** plus monthly interest) is seeking to have the loans discharge. He has been in repayment status for at least 10 years (excluding any period during, which he was enrolled as a student). The Most of the money of the loan were over past 20 Year loans and were Consolidate in September of 2022 (see Exhibit I). In the past 5 years the

Plaintiff keep trying for employment that would make the required income to help pay his student loans and was no employed due the pandemic. Plaintiff ran for US Congress seat twice and lost the race due to corruption and no donations.

Plaintiff's allowable expenses exceed their gross income (see Exhibit A), which shows he is making less than IRS allowable income (see Exhibits A and B) therefore per DOJ/DOE guidelines (see Exhibit H, Page 5) and Bell v DOE 09/01/2021 (see Exhibit G) show the Plaintiff has meet the Undue Hardship requirement. "Stated differently, if the debtor's income less expenses leaves insufficient income to make payments on the debt to be reaffirmed, the statute provides that the presumption of undue hardship arises (see Bell V DOE, Exhibit G, page 15). The Bell v DOE "Court concluded that, after reviewing Mr. Bell's current income and expenses, as a matter of law he had satisfied prong one of the *Brunner* test"(see Bell V DOE, Exhibit G, page 17). Plaintiff's income leaves insufficient income to make payments on the debt. **Therefore, the Plaintiff passes the first Brunner Test.**

**(2b) Circumstances Exist that Indicate the Plaintiff's Financial Situation is Likely to Persist Into the Future for a Significant Portion of the Loan Repayment Period**

Since Jan 1, 1991, the Plaintiff already had a Master's degree from ASU 12/1993 (asu.edu), BS from Devry in 10/1991, and AA degree 1/1983, was working from his home and going to gcu.edu for doctoral degree in school. He graduated in 6/2019 from gcu.edu with a 2nd Master's degree (was unable to complete his Doctoral Degree due to lost of income, which was coveted into a Masters Degree) with hope of getting a job. He was turned down emplyment many times because he was told that he was over qualified,

too old, had a Bankruptcy, and had too high students loan debt, which gave a bad credit report for employment. The Plaintiff applied and received many in college delay payments, many forbearances, and many IDRs to delay making Student Loan payments (see Exhibit I).

From Great Lakes (see Exhibit I), Your Income-Driven Repayment (IDR) Plan Application Status "Your IDR Plan Request is approved; we approved your IDR plan application on 12/15/2022. Your new monthly payment is estimated to be $0.00." (Exhibit I). Due to his Age and income from SS and VA, there is no foreseeable future of receiving enough income to pay off his **$480,176.47** in Student Loans debt within the next 10 or 20 Years.

The Plaintiff is Self Employed through his own Company Lulus Ostrich Ranch LLC. He have been biding on US Government Contracts, trying to win seat in US Congress (lost seat for not enough donations), and looking also for employment as a supervisor, manager, or electronic engineer in the USA and overseas. No one will hire him because he is too old or his credit report shows Bankruptcy in 7/2019, and his student loans giving him a low credit score employment.

Plaintiff income comes from self-employed, living off his SS, VA, and his wife's SS. In 2/2021 there was a 100 year Hard Freeze that killed all his date palm trees and in summer 2022 there was a drought with no rain for 6 Month with temperatures of 100F in the day and 65-70F at night. His tree seedlings just survived with no income foretasted for the future. He is constantly looking a local jobs, oversees jobs, and Government bidding jobs for income that meets his education of two master degrees but non of the jobs even come close to a salary to be able to pay off his student loans.

Plaintiff's Education background and age makes it imposable for him to make enough money to pay off his loans. The bulk of Plaintiff's student loan go back into the 1980's (see Exhibit I). His income-driven repayment plan will always be below the minimum of $0 due to the only income from his SS and VA money. The Student Loans with 7/2019 Bankruptcy themselves give him a bad credit rating. Plaintiff's age being 70 years old makes it so that no one wants to higher him and pay him the salary required, supported my Education (see exhibit I), and Experience (see Exhibit A), for him to work for an employer.

A presumption that the Plaintiff has the inability to repay debt will persist is to be applied in these certain circumstances. If the debtor is age 65 or older; the debtor has been unemployed for at least five of the last ten years, and the loan has been in payment status other than 'in-school' for at least ten years (see Exhibit H, 2nd pp, Page 9). "The debtor is not required to prove that his circumstances will not ever improve, (see Bell V DOE, Exhibit G, page 18)." All the above statements make a case to approve the **Brunner 2nd Test.**

"Given the outstanding amounts of the loans and the interest rates, even with the best salary Mr. Bell can obtain, and even if he works long into his 70s and 80s, he will not be able to maintain a minimum standard of living and repay the indebtedness, which continues to grow daily. Given these facts, Mr. Bell's ability to repay this debt is certainly hopeless, (see Bell V DOE, Exhibit G, page 25)." The Plaintiff is using the DOE/IBR payment plan (see Exhibit I). "Moreover, this Court finds that participation in this income-based repayment plan (IRB) for twenty-years—into Mr. Bell's late-eighties—imposes hardships regardless of whether his minimum payment remains at zero

dollars per month, (see Bell V DOE, Exhibit G, page 27)." **Therefore, the Plaintiff pass the Second Brunner Test**

### (2c) The Plaintiff has Made Good Faith Efforts in the Past to Repay the Student Loan

The Plaintiff as been making payment efforts through Forbearance and Income Deferred Repayment Programs since before 2019 with approved IRDs showing that he owe payments of $0, (see Exhibit I). The Plaintiff does not make enough money to make any payments to his student loans so he them consolidated through U.S. Department of Education through Loan Servicer, Grate Lakes; address at PO BOX 7860; MADISON, WI 53707-7860; PH: (800) 236-4300 (see Exhibit I). The total consolidated loan totals are **$480,176.47** of all his student loans from 1984 through 2019, final consolidation done on October 2022 (see Exhibit I). He has applied was approve for new IRD on 30 November 2022, (see Exhibit I). The COVID pandemic is also making hard to get Electronics Engineering or Supervisor/Management work.

### According to the DOJ_Student Loan Discharge Guidance, (see Exhibit H page 11):

*Evidence of good faith:* The following steps evidence good faith include:

• applying for a deferment or forbearance (other than in-school or grace period deferments);

• applying for an IDRP plan;

• applying for a federal consolidation loan;

• responding to outreach from a servicer or collector;

- engaging meaningfully with Education or their loan servicer, regarding payment options, forbearance and deferment options, or loan consolidation; (see Exhibit H page 11)

The Plaintiff has accomplished all of the above, (see Exhibit I), Communications with DOE. and Great Lakes Student Loan service for DOE. Plaintiff has **passed the Third Brunner Test**

Plaintiff is also biding US Government contracts and ran for US Congress but lost race because he could not get enough donations to win. The last US Government Contract caused him to file a bankruptcy in 3/2019 which was finalized in 7/2019, He is also trying to get a teaching job overseas but employers say has to live there or again that he is over qualified or too old be hired. By participating in the DOE IRD/forbearance program the Plaintiff has **passed the Third Brunner Test.** Please see Bell V DOE, Exhibit G, page 28-30 that agrees that a good effort to payback student loans include forbearances and $0.00/month per DOE/IDR .

## IV. Conclusion

The Bell v DOE Virginia case supports Plaintiff's undue hardship case for discharge of his student loans held by DOE. Mr. Bell and Plaintiff has shown this Court that he has met the three prongs of the *Brunner* test to show that repayment of the student loan debt would impose an undue hardship on him. Plaintiff and Mr. Bell has shown this Court that facts and circumstances prevent him from repaying the student loans in question, while still maintaining a minimal standard of living, even when aided by a discharge of other prepetition debts, therefore Student Loans should be discharged.

Plaintiff and Mr. Bell have shown that his current circumstances are likely to persist during a significant portion of the repayment period and that he has made a good faith effort to repay the loan. In all, Plaintiff has proven repayment of his student loans would impose an undue hardship on him. Like Mr. Bell, Plaintiff is asking this court to enter an order granting his Complaint and discharging his student loans.

## RELIEF

The Plaintiff is asking the court to issue an order (see Exhibit J) to have all his student loans be discharged for "Undue Hardship", which is a DOE sum of **$480,176.47** plus monthly interest.

**WHEREFORE**, plaintiff requests:

An order (see Exhibit J) determining plaintiff's debts to defendants as alleged above are discharged pursuant to 11 U.S.C. § 523(a)(8) because excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiff under the three-prong Brunner test and supported by Exhibit H DOE/DOJ Discharge_Guidance dated 17Nov2022.

**William Reed Hayward, Pro Se**
(Print Your Name)
_512-353-2223_
(Your Phone Number)
**609 Oak Meadows**
(Your Address)
**San Marcos, TX 78666-8358**

(Your Signature)

**Dated:** 01/23/2023

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In re:

William Reed Hayward
Lulus Wang Hayward

    Debtors.

Case No. 19-10286-tmd
Opening Date: 03/05/2019
Closing Date: 06/17/2019
Chapter [7]

William Reed Hayward

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION (DOE/ED)
Great Lakes (DOE/ED Student Loan Servicer)
Assistant United States Attorney (DOJ/AUSA)

    Defendant[s].

Adversary No. _____

### Exhibit F Certificate of Service of Defendants

I certify that on ~~01/16/2023~~ 01/22/2023 (Date) I served a true and correct copy of the attached

☒ **Adversary Complaint to Determine the Dischargeability of Student Loan Debt for Undue Hardship**

☐ Other: _____,

on the individuals listed below by

☐ hand delivery,

☐ email/facsimile transmission[1], and/or

☒ placing it in the United States mail, postage pre-paid by Priority Mail.

1. U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

2. U.S. Department of Education
Grate Lakes (Student Loan Servicer)
PO BOX 7860
MADISON, WI 53707-7860

3. U.S. Attorneys Office
903 San Jacinto Blvd.
Suite 334
Austin, TX 78701

**William Reed Hayward, Pro Se**
(Print Your Name)
_512-353-2223_
(Your Phone Number)
**609 Oak Meadows**
(Your Address)
**San Marcos, TX 78666-8358**

_(signature)_
(Your Signature)

**Dated: 01/23/2023**

Exhibit C Adversary Proceeding Cover Sheet

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER 23-1004 D |
|---|---|
| **PLAINTIFFS** William Reed Hayward | **DEFENDANTS** UNITED STATES DEPARTMENT OF EDUCATION (DOE/ED); Great Lakes (DOE/ED Student Loan Servicer) Assistant United States Attorney (DOJ/AUSA) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) William Reed Hayward, Pro Se; 609 Oak Meadows San Marcos, TX 78666-8358 Ph: 512-353-2223 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Complaint to Determine the Dischargeability of Student Loan Debt for Undue Hardship Under Section 11 USC § 523(a)(8) and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure and its civil analog, 28 USC § 2201 for discharge of Student Loan debt due to Undue Hardship

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

To have PLAINTIFF'S DOE/ED Student Loans discharged/removed due to Undue Hardship

B1040 (FORM 1040) (12/15)  Exhibit C Adversary Proceeding Cover Sheet

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>William Reed Hayward | BANKRUPTCY CASE NO.<br>19-10286-tmd | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Texas | DIVISION OFFICE<br>Austin Divison | NAME OF JUDGE<br>Tony M. Davis | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>William Reed Hayward | DEFENDANT<br>UNITED STATES DEPARTMENT OF EDUCATION (DOE/ED); | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Western District of Texas | DIVISION OFFICE<br>Austin | NAME OF JUDGE<br>Tony M. Davis | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ William Reed Hayward/* | | | |
| DATE<br>Dated: 01/23/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William Reed Hayward, Pro Se | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.