

**Dated: September 26, 2023.**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM REED HAYWARD and | § | CASE NO. 19-10286-smr |
| LULU WANG HAYWARD, | § | |
|     Debtors. | § | (Chapter 7) |
| | § | |
| WILLIAM REED HAYWARD, | § | |
|     Plaintiff, | § | |
| v. | § | ADVERSARY NO. 23-01004-smr |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF EDUCATION, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION AND ORDER ON
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

William Reed Hayward (the "Plaintiff") filed his Complaint on January 23, 2023, against the United States Department of Education (the "DOE" or the "Defendant") seeking a hardship discharge of his student loans under 11 U.S.C. § 523(a)(8) [the "Complaint," ECF No. 2].

1

On June 14, 2023, the DOE timely filed its Motion for Summary Judgment seeking summary judgment denying the Plaintiff's claim that his student loan debt held by the DOE should be discharged in bankruptcy pursuant to 11 U.S.C. § 523(a)(8) [the "Defendant's MSJ," ECF No. 12].

## PARTIES CONTENTIONS

The Plaintiff asserts in his Complaint that his consolidated student loans in the principal amount of $480,176.47 (plus interest and fees) impose an undue hardship and are dischargeable under: (1) 11 U.S.C. § 523(a)(8), (2) the so-called *Brunner* test applicable in the Fifth Circuit, *see, e.g.*, *Thomas v. U.S. Dep't. of Educ. (In re Thomas)*, 931 F.3d 449 (5th Cir. 2019), *U.S. Dep't. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89 (5th Cir. 2003), and (3) internal Department of Justice guidelines.[1]

The DOE asserts that the Plaintiff's student loans are not dischargeable because: (1) the consolidated student loans arose postpetition in September 2022, and (2) the consolidated student loans are not debts that arose before the Plaintiff filed his bankruptcy case in March 2019 as required under 11 U.S.C. § 727(b) and 11 U.S.C. § 523(a)(8). According to the DOE, the Court does not need to consider the "undue hardship" standard under 11 U.S.C. § 523(a)(8) because it is undisputed that the Plaintiff's student loans are postpetition debts that are not dischargeable as a matter of law.

The Plaintiff responded to the DOE's position and asserts that the consolidated student loans are not postpetition loans because the lender on the consolidation loans is the same as the lender on the original student loans; therefore, the consolidation loans did not create new loans [Resp, ECF No. 13 and Second Supp. Resp., ECF No. 21].[2]

The issue before the Court is whether the Plaintiff's student loans that were consolidated three and a half years *after* he filed his bankruptcy case are dischargeable under 11 U.S.C. § 523(a)(8).

---

[1] Compl., Ex. H, ECF No. 2. However, the Department of Justice's internal guidelines are not binding on this Court. See Department of Justice, *Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation*, 16, § 5(C) (Nov. 17, 2022), https://www.justice.gov/file/1552661/download. This Court determines dischargeability of student loans under 11 U.S.C. §§ 523(a)(8) and 727(b).

[2] The Plaintiff is acting *pro se* in this adversary proceeding, but generally made an effort to articulate this position in the pleadings and at the summary judgment hearing.

## JURISDICTION AND VENUE

The Court finds that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(a) and (b). This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(1) and (b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The bankruptcy court has authority to adjudicate this matter pursuant to the District Court's Standing Order of Reference. All parties have consented to this Court's authority to enter a final judgment in this adversary proceeding [Statements of Consent, ECF No. 6 and ECF No. 9]. The Plaintiff's Complaint is timely under Federal Rule of Bankruptcy Procedure 4007(b). *See Walker v. Sallie Mae Servicing Corp. (In re Walker)*, 427 B.R. 471, 477–79 (B.A.P. 8th Cir. 2010) (concluding that dischargeability of a student loan debt may be determined after discharge is granted).

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs the Defendant's MSJ.[3] Summary judgment on a claim is appropriate only if a movant (here the Defendant) shows: (1) there is "no genuine dispute as to any material fact" and (2) it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In sustaining this burden, a movant must identify "those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). To meet its burden, a defendant "need only present or designate evidence which negates or disproves the existence of any essential element of the opposing party's claim." *Neff v. Am. Dairy Queen, Inc.*, 879 F.Supp. 57, 59 (W.D. Tex. 1994) (internal quotations omitted).

Summary judgment is properly granted when "viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact . . . ." *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Whether a fact

---

[3] Rule 56 is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

3

is material is governed by substantive law and "only facts that might affect the outcome of the suit will preclude summary judgment." *The Cadle Co. v. Brunswick Homes, LLC (In re Moore)*, 379 B.R. 284, 288 (Bankr. N.D. Tex. 2007) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When reviewing the summary judgment record, a court should not make credibility determinations or weigh the evidence presented. *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

If the moving party establishes there are no factual issues, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact exists for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). "The non-moving party must then 'go beyond the pleadings,' and by affidavits or other competent summary judgment evidence, cite 'specific facts' that show that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 324); FED. R. CIV. P. 56(c)(1).

## FINDINGS OF FACT[4]

The Court has considered the evidence presented and finds that there is no genuine dispute as to the following material facts:

1. Prior to filing bankruptcy, the Plaintiff obtained twenty-seven (27) student loans between August 1979 and August 2017 (the "Prepetition Student Loans"). *See* Mot. Summ. J., Ex. A 2–3, ECF No. 12.

2. The Plaintiff filed his Chapter 7 bankruptcy petition on March 5, 2019 (Case No. 19-10286, ECF No. 1, the "Petition Date" or "Order for Relief Date").

3. On June 14, 2019, the Court entered an order granting the Plaintiff a general discharge of debts in his main bankruptcy case (Case No. 19-10286, ECF No. 13, the "Discharge") and the main bankruptcy case was closed on June 17, 2019. (Case No. 19-10286, ECF No. 15).

---

[4] This Court makes its Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such.

4. After the Order for Relief Date, after the Plaintiff received a Discharge, and after the main bankruptcy case was closed, the Plaintiff obtained a direct Stafford unsubsidized loan in the amount loan of $7,020.00 on June 27, 2019, a direct graduate plus loan in the amount of $2,496.00 on June 28, 2019, and a direct Stafford unsubsidized loan in the amount of $6,740.00 on November 8, 2019 (the "Postpetition Student Loans"). *See* Mot. Summ. J., Ex. A 2, ECF No. 12.

5. After the Order for Relief Date, after the Plaintiff received a Discharge, and after the main bankruptcy case was closed, on August 8, 2022, the Plaintiff executed a Direct Consolidation Loan Application and Promissory Note (the "Consolidation Note"). *See* Mot. Summ. J., Ex. A 2, ECF No. 12.

6. After the Order for Relief Date, after the Plaintiff received a Discharge, and after the main bankruptcy case was closed, on September 14, 2022, the DOE disbursed proceeds for a subsidized consolidation loan in the amount of $116,693.12 (hereinafter the "116k Consolidation Loan") and an unsubsidized consolidation loan in the amount of $363,483.35, pursuant to the Consolidation Note (hereinafter the "363k Consolidation Loan"). *See* Mot. Summ. J., Ex. A 2, ECF No. 12. Furthermore, the Plaintiff admits in his Complaint that his student loans were consolidated in September 2022. *See* Compl. 11, ECF No. 2; *see also* Compl., Ex. I 5–6, ECF No. 2.

7. The 116k Consolidation Loan and 363k Consolidation Loan (collectively the "Consolidation Loans") arose after the Order for Relief Date. *See* Mot. Summ. J., Ex. A 2 13–44, ECF No. 12.

8. The Consolidation Loans extinguished and paid off the balances due on all of the Plaintiff's outstanding federal student loans, including the Prepetition Student Loans and Postpetition Student Loans. *See* Mot. Summ. J., Ex. A 2 22, ECF No. 12.

9. The Consolidation Loans are the only outstanding student loans owed by the Plaintiff that are held by the DOE. *See* Mot. Summ. J., Ex. A 2, ECF No. 12.

5

10. The Plaintiff filed this adversary proceeding on January 23, 2023, nearly four (4) years after the Petition Date. Compl., ECF No. 2.

11. As of February 28, 2023, the total outstanding principal balance owed by the Plaintiff to the DOE was $480,176.47 consisting of $116,693.12 owed on the 116k Consolidation Loan and $363,483.35 owed on the 363k Consolidation Loan. *See* Mot. Summ. J., Ex. A 2 44, ECF No. 12; *see also* Compl. 17, ECF No. 2.

## CONCLUSIONS OF LAW

The Court has considered the applicable law and makes the following conclusions of law:

1. The scope of the Plaintiff's bankruptcy discharge is governed by § 727(b) of the Bankruptcy Code. Section 727(b) provides in pertinent part that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that *arose before the date of the order for relief under this chapter* . . . ." 11 U.S.C. § 727(b) (emphasis added). Therefore, a discharge in bankruptcy only discharges debts that arise before the Chapter 7 bankruptcy petition is filed. Conversely, debts that arise after the Chapter 7 bankruptcy petition is filed are not discharged.

2. The Order for Relief Date applicable in this case is March 5, 2019—the date that the Plaintiff commenced his voluntary bankruptcy case by filing a petition under 11 U.S.C. § 301.

3. Under 11 U.S.C. § 727(b), the Plaintiff may only obtain a discharge of debts that *arose before* he filed his bankruptcy on March 5, 2019 (i.e., the Order for Relief Date).

4. The Consolidation Note was executed on August 8, 2022, which was *after* March 5, 2019; therefore, the Consolidation Note did not arise *before* the date of the order for relief as required by 11 U.S.C. § 727(b).

5. The proceeds of the Consolidation Loans were disbursed on September 14, 2022, which was *after* March 5, 2019; therefore, the proceeds of the Consolidation Loans did not arise *before* the

date of the order for relief as required by 11 U.S.C. § 727(b).

6. The proceeds of the Consolidation Loans were used to pay off the Prepetition Student Loans and Postpetition Student Loans. Accordingly, the Consolidation Loans were new and distinct postpetition debts. *Hiatt v. Ind. State Student Assistance Comm'n*, 36 F.3d 21, 23 (7th Cir. 1994); *Schultz v. U.S. Dep't. of Educ. (In re Schultz)*, 615 B.R. 834, 847 (Bankr. D. Minn. 2020). This conclusion is further supported by the regulations applicable to direct consolidation loans. Indeed, 34 C.F.R. § 685.220(a) provides that the underlying "Loans consolidated into a Direct Consolidation Loan are discharged when the Direct Consolidation Loan is originated." Furthermore, 34 C.F.R. § 685.220(f)(2) provides that "[u]pon receipt of the proceeds of a Direct Consolidation Loan, the holder of a consolidated loan must promptly apply the proceeds to fully discharge the borrower's obligation on the consolidated loan. The holder of a consolidated loan must notify the borrower that the loan has been paid in full." Considered together, these regulations mean that the Plaintiff's Prepetition Student Loans and Postpetition Student Loans were discharged and paid in full in September 2022 and the only remaining loans were the new and distinct postpetition Consolidation Loans. The regulations likewise provide that the repayment period for a consolidated loan begins on the day the loan is disbursed, 34 C.F.R. § 685.220(i)(1), so there were new payment terms that applied to the Consolidated Loans. It is undisputed that the proceeds of the Consolidation Loans were disbursed after the Plaintiff filed for bankruptcy and received his discharge. Therefore, as a matter of law, the Consolidation Loans are new and distinct loans with a new and separate repayment period that began on September 14, 2022. As a postpetition debt, the Consolidation Loans are not dischargeable under 11 U.S.C. § 727.

7. The case law also supports this Court's conclusion that the Consolidation Loans are new and distinct postpetition student loans that cannot be discharged under 11 U.S.C. § 727(b). Because the undisputed evidence shows that: (1) the Consolidation Note was executed after the date the Plaintiff filed his bankruptcy petition, and (2) the proceeds of the Consolidation Loans were disbursed after the

7

date the Plaintiff filed his bankruptcy petition, the Consolidation Loans are new and distinct postpetition student loans that cannot be discharged under 11 U.S.C. § 727(b). *Schultz v. U.S. Dep't. of Educ. (In re Schultz)*, 615 B.R. 834, 847 (Bankr. D. Minn. 2020) ("The consolidation loan, as a post-petition debt, cannot be discharged."); *Educ. Credit Mgmt. Corp. v. McBurney (In re McBurney)*, 357 B.R. 536, 539 (B.A.P. 9th Cir. 2006) ("the Consolidation Loan was a postpetition debt not eligible for discharge under any circumstances."); *Clarke v. Paige (In re Clarke)*, 266 B.R. 301, 309 (Bankr. E.D. Pa. 2001) (the consolidation loan was a "post-petition debt which is nondischargeable under § 727(b).")[5]

8. Because the Consolidation Loans are postpetition debts that are nondischargeable as a matter of law under 11 U.S.C. § 727(b), the Court need not address undue hardship under 11 U.S.C. § 523(a)(8).

## CONCLUSION

In conclusion, the Defendant's MSJ is granted. The summary judgment evidence conclusively establishes that: (1) the Consolidation Loans arose after the Order for Relief Date, (2) the Consolidation Loans extinguished and paid off the balances due on all of Plaintiff's outstanding federal student loans, and (3) the Consolidation Loans are postpetition debts that are not dischargeable in this bankruptcy case under 11 U.S.C. § 727. Based on the foregoing, the Defendant has negated an essential element of the Plaintiff's claims set forth in the Complaint–i.e., that the student loans that the Plaintiff seeks to discharge are "debts that *arose before the date of the order for relief under this chapter* . . . ." 11 U.S.C. § 727(b) (emphasis added) [ECF No. 1].

---

[5] The Court rejects the Plaintiff's argument that because the DOE was the lender both prepetition and postpetition that the Consolidation Loans should be deemed to be prepetition debt. This Court agrees with those cases that hold that a postpetition consolidation loan that pays a prepetition loan is a new debt, even if the lender remains the same. *See Schultz v. U.S. Dep't. of Educ.* (*In re Schultz*), 615 B.R. 834, 844–846 (Bankr. D. Minn. 2020) (citing several cases).

Furthermore, the facts in this case are distinguishable from *Smith v. Wells Fargo Educ. Fin. Servs. (In re Smith)*, 442 B.R. 550 (Bankr. S.D. Tex. 2010) because the court in the *Smith* case found that the consolidation loan was requested by the debtor and apparently effected *before* the bankruptcy was filed and the holding was based on a unique set of facts before the court. *Id.* at 556–557. In this case, it is undisputed that the Consolidation Loans were requested, executed, and funded more than three (3) years after the Plaintiff filed bankruptcy.

**FOR THE REASONS SET FORTH HEREIN, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Defendant's MSJ [ECF No. 12] is hereby GRANTED.

2. All claims asserted in the Plaintiff's Complaint [ECF No. 1] against the Defendant will be denied.

3. The Court will enter a Final Judgment in this adversary proceeding under Bankruptcy Rule 7058 consistent with this Memorandum Opinion and Order.

# # #